IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **OURPET'S COMPANY**, | ) | |
| 1300 East Street | ) | Case No. |
| Fairport Harbor, Ohio 44077, | ) | |
| | ) | Judge |
| Plaintiff, | ) | |
| | ) | Magistrate |
| v. | ) | |
| | ) | |
| **R2P GROUP, INC.**, | ) | **COMPLAINT FOR** |
| 1266 66th St., Ste. 2 | ) | **PATENT INFRINGEMENT** |
| Emeryville, CA 94608, | ) | |
| | ) | *(Jury Demand Endorsed Hereon)* |
| Defendant. | ) | |

NOW COMES the Plaintiff, *OurPet's Company*, and for its Complaint against the Defendant alleges as follows:

**THE PARTIES**

1.  The Plaintiff, OurPet's Company, is a corporation organized under the laws of Colorado, and has its principal place of business in Lake County, Ohio.

2.  The Defendant, R2P Group, Inc., is a corporation with its principal place of business in California.

**JURISDICTION AND VENUE**

3.  This is an action for patent infringement.  The patent claims arise under the patent laws of the United States, specifically 35 U.S.C. § 281.  This Court has subject matter jurisdiction in this

matter pursuant to 28 U.S.C. §§ 1331, 1338, and 35 U.S.C. § 281 because this action arises under the patent laws of the United States.

4. This Court has personal jurisdiction over the Defendant by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere.

5. Ohio's Long-Arm Statute, RC § 2307.382(A)(1), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state."  In this case, the Defendant transacts business in this state.  The Defendant supplies infringing products that are widely sold throughout the state.

6. Ohio's Long-Arm Statute, RC § 2307.382(A)(2), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (2) Contracting to supply services or goods in this state."  In this case, the Defendant contracts to supply goods in this state.  The Defendant supplies infringing products that are widely sold throughout the state.

7. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendant is subject to personal jurisdiction in this district, and infringement occurred within this judicial district.  Further, the Plaintiff chose filing in this district, is located in this district, and has its key evidence including witnesses and exhibits located within this district.

## **FACTUAL ALLEGATIONS**

8.  Since its founding in 1995, the Plaintiff has designed, produced, and marketed a broad line of innovative, high-quality accessory and consumable pet products in the United States and overseas.

9.  The Plaintiff has dedicated extensive time to the understanding of pet aging and its critical link to nature.

10. Along with proper nutrition, mental stimulation, physical exercise, and veterinary care, the Plaintiff's products help to maintain the health and wellness of pets.

11. The Plaintiff strives to develop truly unique and innovative products.  In fact, almost all of the Plaintiff's products are patented and are the only ones of their kind in the marketplace.

12. The Plaintiff has become a leader in feeding systems to improve the health and comfort of pets.

13. Dr. Steve Tsengas is the founder and CEO of the Plaintiff corporation.

14. The Plaintiff, OurPet's Company, is a publicly-traded company.

15. On July 2, 2013, United States Utility Patent No.8,474,409, entitled "ultrasonic stimulating pet toy" (hereinafter referred to as the '409 patent) duly and legally issued to Steven Tsengas, as inventor, for the aforementioned patent.  (A true and accurate copy of the '409 patent as issued is attached hereto as "Exhibit 1.")

16. All rights to the '409 patent, including but not limited to, the right to recover for infringement thereunder, has been assigned to the Plaintiff, OurPet's Company.

17. The Plaintiff has manufactured and marketed marked products in commerce that read on the '409 patent, including Plaintiff's Play-n-Squeak™ products.

18. Upon information and belief, the Defendant, at times relevant, had actual knowledge of the existence of the '409 patent.  The Plaintiff's products are widely sold in big box retailers and are marked as patented.

19. The Defendant has been and is currently making, using, offering for sale, selling, and/or importing products that infringe the '409 patent.  The Defendant's Puff Squeak and Twinkle Tweet products sold under the Categories brand infringe the '409 patent.  (Photographs of the infringing products are attached as "Exhibit 2.")

20.  Infringement has occurred in this judicial district and elsewhere.

21. The Defendant's products are infringing.  (See an infringement chart attached hereto as "Exhibit 3," and "Exhibit 4," which compares the allegedly infringing products to the '409 patent.  The Plaintiff reserves the right to amend its claims analyses as per the Local Patent Rules and as discovery progresses.)

22. Upon information and belief, other products besides those depicted in Ex. 2 may infringe the '409 patent.  See a screenshot of the Defendant's website as "Exhibit 5" that shows other similar products, some of which may also infringe the '409 patent.

23. The aforementioned activities of the Defendant have injured and threaten future injury to the Plaintiff.

24. The Defendant is not authorized in any way to sell their infringing products or to use the patent owned by the Plaintiff.

25. The Plaintiff is entitled to an award of damages against the Defendant for patent infringement, including lost profits, and in no event less than a reasonable royalty, together with attorney's fees and costs.  The Plaintiff is further entitled to injunctive relief.

## CLAIM NO. 1
*(Patent Infringement 35 U.S.C. § 271)*

26. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

27. The Defendant has been and is currently making, using, offering for sale, selling, and/or importing products that infringe the '409 patent.

28. The Defendant has infringed the '409 patent because the Defendant's accused article (Doc. 2, 3, and 4) embodies the patented subject matter of the '409 patent or any colorable imitation thereof.

29. The Defendant's products are an infringement of the '409 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

30. The Defendant will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

31. The Defendant has been, and is, actively inducing infringement of the '409 patent.

32. The Defendant's infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiff's patent rights, and wanton, and as a result, the Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

33. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

## **PRAYER FOR RELIEF / REQUEST FOR REMEDIES**

WHEREFORE, the Plaintiff prays that this Court to enter an Order in favor of the Plaintiff and against the Defendant as follows:

A)  A preliminary and permanent injunction enjoining the Defendant from making, using, selling, offering for sale, and importing any product that infringes upon the '409 patent;

B)  An accounting for damages resulting from Defendant's patent infringement and contributory infringement and the trebling of such damages because of the knowing, willful, and wanton nature of the Defendant's conduct;

C)  An assessment of interest on the damages so computed;

D)  An award of attorney's fees and costs in this action under 35 U.S.C. § 285;

E)  Judgment against Defendant for an accounting and monetary award in an amount to be determined at trial, including reasonable royalties;

F)  Requiring Defendant to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product;

G)  Requiring Defendant to provide the location of any and all manufacturing equipment, including but not limited to, molds used to manufacture infringing product;

H)  Requiring Defendant to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver said equipment to the Plaintiff;

I)  Ordering a product recall of infringing product for destruction;

J)  Requiring Defendant to file with this Court and serve on the Plaintiff within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

K) Requiring Defendant to provide to Plaintiff all sales records, including but not limited to, email, mail, and advertising lists;

L)  Damages according to each cause of action herein; and

M) Prejudgment interest.

## JURY DEMAND

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable.

Most Respectfully Submitted,

___**/s/ David A. Welling**_____
**DAVID A. WELLING (0075934) (lead counsel)**
**C. VINCENT CHOKEN (0070530)**
*CHOKEN WELLING LLP*
55 S. Miller Rd., Ste. 203
Akron, Ohio 44333
Tel.     (330) 865 – 4949
Fax      (330) 865 – 3777
vincec@choken-welling.com
davidw@choken-welling.com

**JOHN D. GUGLIOTTA (0062809)**
*Patents + Copyrights + Trademarks + Licensing*
3020 W. Market St.
Fairlawn, Ohio 44333
Tel.     (330) 253 – 2225
Fax      (330) 253 – 6658
johng@inventorshelp.com

*Counsel for the Plaintiff*